DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Richard R. Brown, et al., | ) | |
| Plaintiff(s), | ) | CASE NO. 3:03 CV 7321 |
| v. | ) | (Resolving Doc. No. 40) |
| | ) | |
| Nationwide Mutual Insurance Co., et al., | ) | |
| Defendant(s). | ) | |
| | ) | |
| ------------------------------------------------ | ) | |
| Richard R. Brown, et al., | ) | ------------------------------------- |
| Plaintiff(s), | ) | |
| v. | ) | CASE NO. 3:03 CV 7322 |
| | ) | (Resolving Doc. No. 29) |
| Jay T. Valusek, et al., | ) | |
| Defendant(s), | ) | |
| | ) | |
| | ) | |
| | ) | |

**O R D E R**

On May 23, 2005, this Court issued it Memorandum Opinion and Order, with a Judgment

Entry, granting summary judgment in favor of the defendants in both of the above-captioned

cases.  Plaintiff filed no appeal from that ruling in either case.

Now before the Court is plaintiff's Rule 60(b) motion for relief from the judgment.  The

motions (Doc. No. 40 in the first case and Doc. No. 29 in the second case) were filed on May 22,

2006 and have been fully briefed.  For the reasons stated below, both motions are denied.

In his motion, plaintiff states that he "seeks relief from an unjust operation of this

judgment [of May 23, 2005], pursuant to Federal Civil Rule 60 B and especially (b)(6)."

(Motion at 2, underlining in original).  Plaintiff argues that "[t]his Court has failed to properly

(3:03 CV 7321/7322)

apply the Ohio Revised Code Statutes and enforce the Law" and, further, that "[t]his Federal

District Court was biased and prejudiced against the Plaintiff and in favor of the Defendants in

granting Defendants Summary Judgment."  (Motion, at 2 and 4).  He asserts that: "With all due

respect to our system of jurisprudence, Plaintiff states that in the Interest of Justice, Fairness, and

Integrity, the Federal Court and the Defendants have reached the wrong conclusion and

decision." (Motion at 13; Reply at 5).  In his reply brief, the plaintiff also characterizes this

Court's grant of summary judgment as "a mistake."

Plaintiff's motion cites only Rule 60(b)(6); however, his reply brief seems to also assert

(b)(1) and (b)(3) as grounds for relief.  This Court will, therefore, construe the motion liberally

as relying on subsections (1), (3) and (6).

Fed. R. Civ. P. 60(b), provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered
> Evidence; Fraud, Etc.**  On motion and upon such terms as are just, the court may
> relieve a party or a party's legal representative from a final judgment, order, or
> proceeding for the following reasons: (1) mistake, inadvertence, surprise, or
> excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or
> extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6)
> any other reason justifying relief from the operation of the judgment. . . .

A Rule 60(b) motion is not a substitute for a timely appeal.  Hopper v. Euclid Manor

Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989).  Further, a Rule 60(b) motion must be

made within one year after the challenged judgment if the motion invokes subsections (1), (2), or

(3) and within a reasonable time if the motion invokes subsections (4), (5), or (6).  The Sixth

Circuit also "adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or

extraordinary circumstances which are not addressed by the first five numbered clauses of the

2

(3:03 CV 7321/7322)

Rule."  Id. (citing Pierce v. United Mine Workers, 770 F.2d 449, 451 (6th Cir.1985), cert.

denied, 474 U.S. 1104 (1986)).

Even though plaintiff arguably relies on the ground of "mistake" under Rule 60(b)(1), a

ground which can be raised within one year after the judgment, he has pointed to no mistake of

law or fact.  He simply argues that this Court's decision is wrong, i.e., "mistaken."  That is the

stuff of appeals.  He failed to take a timely appeal and he cannot now artificially extend his right

to an appeal by filing a Rule 60 motion claiming "mistake."

Even though plaintiff arguably relies on the ground of "fraud" under Rule 60(b)(3),

another ground which can be raised within one year after the judgment, the so-called fraud is his

general assertion that one of the affiants (Ron Seman) committed "perjury."  He does not state

what the perjured (i.e., false) statement was.  He merely claims that "Mr. Seman's sworn

Affidavit was in complete conflict and contrast to Mr. Seman's Federal District Court

Testimony" and that this Court "has approved, sanctioned and failed to enforce the charge of

Perjury[.]"  (Motion at 3).   There is no way to evaluate this unsubstantiated assertion of fraud.

Finally, as to the catch-all ground in Rule 60(b)(6), plaintiff filed his motion on May 22,

2006 challenging a ruling issued on May 23, 2005.  He made no attempt to file a timely appeal.

He clearly waited one full year and purposefully filed the motion on the last possible day of that

year.  His arguments are not truly based on Rule 60 grounds; rather, he simply asserts that the

decision was wrong.  Whether, under these facts, the motion was filed within a "reasonable"

time is highly questionable.

(3:03 CV 7321/7322)

    Notwithstanding plaintiff's assertions of error, bias and prejudice, he has established no basis for this Court to reconsider and set aside its judgment of May 23, 2005, most especially not under the "catch-all" Rule 60(b)(6).

    Accordingly, the motions (Doc. No. 40 in the first case and Doc. No. 29 in the second case) are DENIED.

    IT IS SO ORDERED.


  July 13, 2006
Date

         *s/ David D. Dowd, Jr.*
         David D. Dowd, Jr.
         U.S. District Judge